UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

SANTIANA JEAN-BAPTISTE,

                          Plaintiff,        Civil Action No.  3:16-cv-00461-BJD-PDB

v.

BUSINESS LAW GROUP, P.A.;
LM FUNDING, LLC; and SHUMAKER,
LOOP & KENDRICK, LLP,

                        Defendants.
_____/

**RESPONSE IN OPPOSITION TO DEFENDANT BUSINESS LAW
GROUP, P.A.'S MOTION TO DISMISS THE COMPLAINT**

Plaintiff, Santiana Jean-Baptiste ("SJB"), hereby files this Response in Opposition to Defendant Business Law Group, P.A.'s ("BLG") Motion to Dismiss [D.E. 15].  The Response is accompanied by the following memorandum of law.

**MEMORANDUM OF LAW**

**I.    Introduction**

This is a Complaint against three parties who, at various times and in various capacities, attempted to collect allegedly unpaid condominium association assessments and related fees and expenses (the "Debt") on behalf of Cobblestone Landing Townhomes Condominium Association, Inc. ("Cobblestone") using methods that were unfair, deceptive, abusive, and harassing as set forth more fully in the Complaint.

BLG was engaged by Cobblestone to collect the Debt in or around February 2015 and mailed its first letter on or about February 11, 2015.  Complaint at ¶ 23.  BLG continued to send communications and otherwise engage in practices that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U. S. C. § 1692, *et. seq*. and the Florida Consumer Collection

1

Practices Act ("FCCPA"), Fla. Stat. § 559.72, *et seq*. throughout the following months, through and including the filing of a wrongful foreclosure action in July 2015, which is continuing to date.

BLG claims that the one year statute of limitations under 15 U.S.C. § 1692k(d) bars this action because it began to run the day after a February 11, 2015 communication. Moreover, relying on under F. R. Civ. P. 8 and 12(b)(6), BLG claims that SJB failed to state a cause of action with the particularity required under federal law by making "conclusory allegations" under "information and belief."

As will be set forth in detail below, the Eleventh Circuit and the Middle District of Florida have consistently held that the existence of a communication outside of the FDCPA statute of limitations does not bar action on communications that occurred within the statute of limitations. Moreover, SJB alleged sufficient facts to support the allegations that are made on information and belief.

**II.     Motion to Dismiss Standard**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Malowney v. Bush/Ross*, 8:09-CV-1189-T-30TGW, 2009 WL 3806161, at *3 (M.D. Fla. 2009) (citing *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir.1994). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all the inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir.1994). To survive a motion to dismiss, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). **The threshold of sufficiency that the complaint must meet to survive a motion to dismiss is exceedingly low**. See *Anacata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir.1985).

I.  **Argument**

A.  **The FDCPA claims are not barred by the one-year statute of limitations**

The FDCPA one-year statute of limitations does not bar SJB's FDCPA claims against BLG. BLG claims that the FDCPA claims are barred because BLG's first communication to SJB was mailed on or about February 11, 2015 and the instant case was not filed until April 18, 2016. However, the additional communications and activities of BLG on and after April 22, 2015 are sufficiently within the statute of limitations period to support the causes of action they relate to.

Courts in the Eleventh Circuit, including the Middle District of Florida, hold that the fact that some communications were time-barred and some were not would not bar a claim as to the communications within the limitations period. *See, e.g., Maloy v. Phillips,* 64 F.3d 607 (11th Cir.1995) (holding only that the limitations period begins the day after a communication is mailed).[1]

In *McCorriston v. L.W.T., Inc.,* 536 F. Supp. 2d 1268, 1272 (M.D. Fla. 2008), the Middle District determined that a dunning letter sent outside a limitations period did not render the FDCPA claim time-barred where, as here, Plaintiff alleged a discrete violation within the limitations period (that was, the filing of a state court action). In this case, SJB alleged several violations within the one year limitations period. *See e.g.* Complaint at ¶34, 42, 43. *See also Kaplan v. Assetcare, Inc.,* 88 F. Supp. 2d 1355, 1360 (S.D. Fla. 2000) (permitting a case to go forward based on letters that fell within the statutory limitations period where the complaint was

---

[1] BLG appears to rely on this case; however, this case merely stands for the premise that a limitation period begins the day after a communication is mailed, rather than when it is received.

filed more than one year after the first letter, but less than one year after four other letters) *citing Pittman v. J.J. MacIntyre Co. of Nevada, Inc.,* 969 F.Supp. 609 (D.Nev.1997) (the court asserted jurisdiction and allowed the case to go forward based only on the communications that fell within the statutorily permitted time period).

Accordingly, the claims may proceed based on conduct occurring on or after April 18, 2015. The Court may also exercise supplemental jurisdiction over the FCCPA claims pursuant to 28 U.S.C. § 1367(a) because all of the claims are part of the same case or controversy.

Accordingly, BLG's argument that the FDCPA claims are barred by the statute of limitations is without merit and the motion to dismiss should be denied.

**B.     SJB adequately stated causes of action against BLG.**

BLG claims that "most" of SJB's claims are barred by the statute of limitations. As set forth above, the claims are *not* so barred; BLG goes on to argue that the "remainder" of SJB's claims fail to state a cause of action with the particularity required under federal law because some of the allegations, particularly with respect to Count VII, are made "upon information and belief".

As a preliminary matter, F. R. Civ. P. 8 requires "in responding to a pleading, a party must…state in short and plain terms its defenses to each claim asserted against it." Here, BLG does not specify which causes of action allegedly fail to state a claim. BLG says the "remainder" of some unidentified subset of claims fail, but only uses the example of Count VII and is otherwise vague about alleged deficiencies in the Complaint. In fact, the "information and belief" language is only present in Counts VI and VII. What is more, those causes of action contain averments in addition to the "information and belief" allegations, so they would stand on their own in any case.

4

Nonetheless, BLG's reference to *In re Superior Air Parts, Inc*., 486 B.R. 728, 741 (Bankr. N.D. Tex. 2012) and *Phoenix Entertainment Partners, LLC v. Orlando Beer Garden, Inc*., Case No. 6:16-CV-80-Orl-31DAB, slip op., 2016 WL 1567590 at *5 (M.D. Fla. Mar. 30, 2016) for the premise that "conclusory allegations made under information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombley* standard" is incomplete. BLG also claims that all allegations based on "information and belief" must be eliminated, but no legal support is given for that conclusion and it is actually belied by the cases cited by BLG.

The *Superior Air Parts* Court actually stated that allegations pled on "information and belief" should be reviewed <u>in the same way as all factual allegations in a complaint</u>. *In re Superior Air Parts, Inc.,* 486 B.R. at 740. The mere fact that allegations begin with the statement "on information and belief" will not automatically render them insufficient. *Id.* Factual allegations made in a complaint must not be pled with absolute certainty so long as they are sufficient to make a claim plausible. *Id.* In *Superior Air Parts*, there were <u>no</u> facts to support the plaintiff's claim that Superior obtained trade secrets by improper means. *Id.*

In *Phoenix Entertainment Partners,* the Court noted that <u>all</u> of the key allegations were made on information and belief and did not supply particular facts to support the alleged "beliefs." *Phoenix Entertainment Partners, LLC v. Orlando Beer Garden, Inc*., Case No. 6:16-CV-80-Orl-31DAB, slip op., 2016 WL 1567590 at *5. It noted that there "is nothing wrong with alleging factual averments conditionally" as long as there is sufficient factual support. *Id.*

To the contrary, here, while SJB pled some allegations under information and belief, she did so with detailed and sufficient factual statements to support those claims. For example, SJB claims that BLG attempted to collect the Debt, some or all of which included various

unexplained finance charges, late fees, legal costs and fees, and a fee for "underwriting" which – on information and belief – are not authorized by Florida law and/or the relevant condominium declaration.  It is impossible to be certain what fees and other charges may be authorized by the condominium declaration and/or Florida law because, to date, SJB has not been provided with a satisfactory accounting or other explanation of the fees charged to her, where those fees are authorized in the condominium documents or law, and/or how they were calculated or their application was made in this case.  SJB explained those details in her Complaint, alleged that she requested explanations of her account, disputed the debt, and otherwise attempted to obtain clarification about the mounting fees that were wrongfully being charged against her.  *See e.g.,* Complaint at ¶ 23, 30, 31, 34, 41, and 44.  Accordingly, under *Superior,* the allegations made under information and belief should be taken as true.  Construing the facts in SJB's favor and evaluating all the inferences derived from those facts in the light most favorable to the plaintiff, SJB has adequately pled her claims for relief against BLG.  *Hunnings,* 29 F.3d at 1483.  Accordingly, the Motion to Dismiss should be denied.  Alternatively, SJB respectfully requests the Court leave to amend the Complaint to correct any pleading deficiencies determined by the Court.

      WHEREFORE, Santiana Jean-Baptiste respectfully requests this Court enter an order denying Business Law Group, P.A.'s Motion to Dismiss, and in the alternative, allow her leave to file an amended complaint, and any such other relief deemed just and proper.

Dated:   June 9, 2016

Respectfully submitted,

/s/ Junilla Sledziewski
Junilla Sledziewski, Esq. (FBN 072043)
Statman, Harris & Eyrich, LLC
30 S. Wacker Dr., Ste. 2200
Chicago, IL 60606

Ph 312.263.1070
Fax 312.466.5601
junilla@statmanharris.com
chicago@statmanharris.com
*Counsel for Plaintiff*

# CERTIFICATE OF SERVICE

    I, Junilla Sledziewski, hereby certify that I caused a true and correct copy of the foregoing *Response in Opposition to Defendant Business Law Group, P.A.'s Motion to Dismiss Complaint*, to be served upon the following parties via the Court's CM/ECF system and via e-mail on June 9, 2016:

Jesse L. Ray, Esq.
Elizabeth M. Fernandez, Esq.
13014 N. Dale Mabry Hwy., #315
Tampa, FL 33618
Ph (813) 443-9701
jray@jesseleeray.com
efernandez@jesseleeray.com
efile@jesseleeray.com
*Counsel for Defendant LM Funding, LLC*

Jacob A. Brainard, Esq.
Scott C. Davis, Esq.
301 W. Platt St., #375
Tampa, FL 33606
jbrainard@blawgroup.com
service@blawgroup.com
*Counsel for Defendant Business Law
  Group, P.A.*

Jonathan J. Ellis, Esq.
Schumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Ste. 2800
Tampa, FL 33602
Ph (813) 229-7600
jellis@slk-law.com
ccheaney@slk-law.com
*Counsel for Defendant Shumaker, Loop
  & Kendrick, LLP*

/s/ Junilla Sledziewski
Junilla Sledziewski, Esq. (FBN 072043)
Statman, Harris & Eyrich, LLC
30 S. Wacker Dr., Ste. 2200
Chicago, IL 60606
Ph 312.263.1070
Fax 312.466.5601
junilla@statmanharris.com
chicago@statmanharris.com
*Counsel for Plaintiff*