UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANTIANA JEAN-BAPTISTE,

      Plaintiff,

v.                 Case No. 8:16-cv-2027-T-33AEP

BUSINESS LAW GROUP, P.A.,
LM FUNDING, LLC, and SHUMAKER,
LOOP & KENDRICK, LLP,

      Defendants.

_____/

**ORDER**

This matter comes before the Court pursuant to Motions to Dismiss filed by Defendants Shumaker, Loop & Kendrick, LLP ("SLK")(Doc. # 10), Business Law Group, P.A. (Doc. # 15), and LM Funding, LLC (Doc. # 20). Plaintiff Santiana Jean-Baptiste has responded to the Motions. (Doc. ## 16, 17, 23). As explained below, Count V of the Complaint, lodged against Business Law Group and LM Funding, is dismissed as time-barred. The Motions to Dismiss are otherwise denied.

**I.  Background**

The following factual allegations are taken as true for the purposes of resolving this motion to dismiss. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). Jean-Baptiste is the owner of a condominium

located in Lakeland, Florida within the community known as "Cobblestone Landing Townhomes Condominium Association, Inc." (Doc. # 1 at ¶ 4). Defendants Business Law Group and SLK are law firms engaged in debt collection activities. (Id. ¶ 5, 7). Jean-Baptiste claims that LM Funding "is a debt buyer . . . that, itself and through its employees, representatives, and lawyers, regularly collects debts allegedly owed to another throughout the state of Florida." (Id. at ¶ 6).

Between December 11, 2014, and April 22, 2015, SLK and Business Law Group sent Jean-Baptiste multiple communications seeking to collect condominium association dues and fees. (Id. at ¶¶ 16, 34). The first communication, an email, was sent to Jean-Baptiste by SLK on December 11, 2014, requesting the payment of $2,152.88. (Id. at ¶ 16). SLK sent two additional communications on December 22, 2014, one indicating the amount due was $2,786.62, and the other asserting conflicting amounts. (Id. at ¶¶ 19, 20). In addition, SLK advised Jean-Baptiste, "if a settlement agreement is prepared, there will be additional attorneys' fees and costs associated with preparing the agreement and filing the same with the court." (Id. at ¶ 19). However, at that time, no court action was pending against Jean-Baptiste. (Id. at ¶¶ 19, 58).

2

On February 25, 2015, Business Law Group sent Jean-Baptiste "a debt collection letter stating that the total balance then due for unpaid assessments was $4,396.69." (<u>Id.</u> at ¶ 23). The increase in the amount due from the previous communications purportedly resulted from "various unexplained finance charges, late fees, legal costs and fees, and a fee for 'underwriting.'" (<u>Id.</u>). Additionally, the letter "represents to [Jean-Baptiste] that Cobblestone is its client, the creditor, when in fact the creditor is a related and commonly controlled managed entity, LM [Funding]." (<u>Id.</u> at ¶ 28). Jean-Baptiste alleges: "LM [Funding] is the client and creditor who makes the debt collection decisions, settles debts, and ultimately profits from the collection of the debts, not Cobblestone, as represented in the debt collection letter." (<u>Id.</u> at ¶ 29).

On March 10, 2015, Jean-Baptiste sent a letter to Business Law Group requesting a "detailed statement of her account," which was not provided. (<u>Id.</u> at ¶¶ 30, 31). Additionally, Jean-Baptiste made a payment of $2,786.62 on March 10, 2015, to settle the debts sought by SLK in the December 22, 2014, communications. (<u>Id.</u> at ¶ 30).

On April 22, 2015, Business Law Group sent Jean-Baptiste a second collection letter seeking $2,224.95 in unpaid debt.

3

(Id. at ¶ 34). This letter stated, "Cobblestone Landing Townhomes has filed a lien against your Unit for delinquent assessments, finance charges, late fees, attorneys' fees, and costs." (Id. at ¶ 35). However, Jean-Baptiste alleges that no lien was recorded at the time the letter was sent. (Id. at ¶ 42). Rather, Cobblestone "recorded a claim of lien in the amount of $2,224.95" on April 27, 2015, after the letter was sent. (Id.). Additionally, Jean-Baptiste contends the Dispute form contained in the letter "misrepresents Florida law with respect to late fees" charged when a delinquent account balance exists. (Id. at ¶ 41).

On July 2, 2015, Cobblestone, through Business Law Group, filed a foreclosure and collections action against Jean-Baptiste in Polk County, Florida. (Id. at ¶ 43). On July 6, 2016, Business Law Group provided a "ledger" indicating that the amount owing was $7,736.05, an amount Jean-Baptiste claims is "unreasonable." (Id. at ¶ 44).

Jean-Baptiste accordingly initiated this action on April 18, 2016, by filing a nine-count Complaint alleging that LM Funding, Business Law Group, and SLK violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA") and further alleging that LM Funding and Business Law Group violated the Fair Debt Collections Practices Act,

4

15 U.S.C. § 1692 ("FDCPA"). (Doc. # 1). Defendants have filed Motions to Dismiss the Complaint, which are ripe for the Court's review.

## II.   Legal Standard

At the Motion to Dismiss stage, this court accepts as true all allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, "the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true." Stephens, 901 F.2d at 1573. However, the Supreme Court explains:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Additionally, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III.   Analysis

### a.   FDCPA Statute of Limitations

Jean-Baptiste asserts Counts One, Two, and Nine pursuant to the FCCPA, which has a two-year statute of limitations. Coursen v. Shapiro & Fishman, GP, 588 Fed. Appx. 882, 885 at n.3 (11th Cir. 2014).   Defendants do not assert any statute of limitations arguments with respect to the FCCPA claims. However, SLK, Business Law Group, and LM Funding contend the claims brought under the FDCPA (Counts Three through Eight) should be dismissed as barred by the FDCPA's one-year statute of limitations.   See 15 U.S.C. § 1692k(d).

Jean-Baptiste's claims stem from five debt collection communications. The first communication was sent on December 11, 2014, the second and third communications were sent on December 22, 2014, the fourth communication was sent on February 25, 2015, and the fifth communication was sent on April 22, 2015. (Doc. # 1 at ¶ 16, 19, 20, 23, 34). Jean-Baptiste filed her Complaint on April 18, 2016. Therefore, all FDCPA claims arising from the first four communications are barred by the one-year statute of limitations.   Only the April 22, 2015, communication is actionable under the FDCPA.

### i.   Count III is not Time-Barred

Count Three alleges Business Law Group and LM Funding violated 15 U.S.C. § 1692e(2)(A) by misrepresenting "the amount, legal status, or character of the debt." (Doc. # 1 at

6

¶ 91). Specifically, Jean-Baptiste argues "each of [Business Law Group's] collection attempts reference a baseless and differing total amount owed by [Jean-Baptiste]." (Id. at ¶ 94). As the last letter sent by Business Law Group that allegedly misrepresents the amount or character of the debt was sent within the statute of limitations period (on April 22, 2015), Count Three is not time-barred. (Id. at ¶ 34).

### ii. **Count IV is not Time-Barred**

Count Four alleges Business Law Group and LM Funding violated 15 U.S.C. § 1692e(5), which forbids parties from "[threatening] to take any action that cannot legally be taken or that is not intended to be taken." Jean-Baptiste alleges Business Law Group and LM Funding violated this provision by "[threatening] to enforce a lien which could not be legally enforced" because no lien was filed at that time. (Id. at ¶ 100). This threat was sent in a collection letter within the statute of limitations period. (Id. at ¶ 34). Accordingly, Count Four is not barred by the statute of limitations.

### iii. **Count V is Time-Barred**

Count Five asserts Business Law Group and LM Funding violated 15 U.S.C. § 1692e(10), which forbids "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning

a consumer." Jean-Baptiste relies solely on provisions in the first and second Business Law Group letters, sent December 22, 2014. (Id. at ¶¶ 16, 108-112). As these letters were sent outside the statute of limitations period, the FDCPA claims arising from these letters are time-barred. Therefore, Count Five against Business Law Group and LM Funding is dismissed.

### iv.  Count VI is not Time-Barred

Count Six solely targets LM Funding, claiming that LM Funding violated 15 U.S.C. § 1692e(11), which is triggered when a debt collector "fail[s] to disclose . . . that the communication is from a debt collector." Jean-Baptiste argues LM Funding "failed to disclose that it is, at least in part, a creditor to the Debt, is a decision maker regarding settlement and resolution of the Debt, and is partially owned and/or operated by the same principles as [Business Law Group]." (Id. at ¶ 127). As LM Funding allegedly failed to disclose its status as a creditor in the April 22, 2015, letter, the claim alleged in Count Six is not barred by the statute of limitations.

### v.  Count VII is not Time-Barred

Count Seven charges Business Law Group and LM Funding with violating 15 U.S.C. § 1692f, which forbids debt collectors from using "unfair or unconscionable means to

collect or attempt to collect any debt." Jean-Baptiste maintains Business Law Group and LM Funding violated the statute by, in part, by "failing to disclose that [LM Funding] was . . . the creditor with regard to the debt." (<u>Id.</u> at ¶ 131). As stated above, the debt collection letter sent April 22, 2015, fails to disclose LM Funding's alleged status as a creditor to the debt. This letter was sent within the applicable statute of limitations period. Therefore, Count Seven is not time-barred.

### vi.   <u>Count VIII is not Time-Barred</u>

In Count Eight, Jean-Baptiste alleges Business Law Group and LM Funding violated 15 U.S.C. § 1692(g)(b). The statute provides that if "the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt." <u>Id.</u>

On March 10, 2015, Jean-Baptiste sent a letter to Business Law Group "disput[ing] the debt" owed. (Doc. # 1 at ¶ 30). She contends Business Law Group and LM Funding's subsequent attempts to collect the debt, including the letter sent on April 22, 2015, the filing of a lien on her property on April 27, 2015, and filing a foreclosure action, all

constitute attempts to collect the debt and thus violate the statute. (Id. at ¶¶ 34, 42, 43). As these events occurred within the statute of limitations period, Count Eight is not time-barred.

### b. **SLK's Motion to Dismiss**

SLK contends this Court lacks original subject matter jurisdiction over the claims brought against SLK because the claims against it, asserted pursuant to the FCCPA, arise from state law. Furthermore, SLK argues this Court lacks supplemental jurisdiction because the state law claims against SLK do not arise from the same case or controversy as the federal claims brought against LM Funding and Business Law Group.

"When a plaintiff makes a plausible argument that a federal statute creates his right to relief, the district court has subject-matter jurisdiction over that complaint." Lanfear v. Home Depot, Inc., 536 F.3d 1217, 1221 (11th Cir. 2008). SLK correctly states that Jean-Baptiste only brings claims against it that arise under the FCCPA, which does not confer federal jurisdiction. See Fla. Stat. § 559.77. However, "[w]hen a district court has original jurisdiction over a civil claim it may gain supplemental jurisdiction over all related state claims pursuant to 28 U.S.C. § 1367(a)."

Kirby v. Prof'l Ass'n Mgmt., Inc., No. 3:12-cv-697-J20-MCR, 2012 WL 5497951, at *5 (M.D. Fla. Nov. 9, 2012). As Jean-Baptiste alleges federal claims against Business Law Group and LM Funding, this Court may exercise supplemental jurisdiction over the state law claims against SLK if the claims "form part of the same case or controversy." 28 U.S.C. § 1367(a); see also Clark v. Credit Prot. Ass'n, LP, No. 8:15-cv-02926-EAK-TBM, 2016 WL 3580664, at *1 (M.D. Fla. June 27, 2016).

The case or controversy standard "confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." Leblanc v. Advance Credit Corp., No. 8:06CV747T27EAJ, 2007 WL 141173, at *3 (M.D. Fla. Jan. 16, 2007). Furthermore, "[c]laims arising from a 'common nucleus of operative fact' necessarily involve 'the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts.'" Id. (citing at Palmer v. Hosp. Auth. of Randolph Cty., 22 F.3d 1559, 1563-64 (11th Cir. 1994)).

SLK maintains the state law claims levied against it do not arise out of a common nucleus of operative facts as the federal claims brought against Business Law Group and LM Funding. Specifically, SLK asserts the claims against it

11

arise from two communications sent by SLK. The first was a debt collection email sent on December 22, 2014, in which SLK "misleadingly implied that Cobblestone was currently engaged in a legal action against [Jean-Baptiste]." (Doc. # 1 at ¶¶ 19, 58). The communication was sent on January 27, 2015, and "made false and misleading statements to [Jean-Baptiste] . . . the purpose of which was to abuse and harass her while incurring more unauthorized charges at her expense." (Id. at ¶¶ 27, 59). As Jean-Baptiste's FDCPA claims against Business Law Group arise out of separate communications beginning on February 25, 2015, SLK asserts the only factual similarity is the underlying debt, which is insufficient to confer supplemental jurisdiction. (Doc. # 10 at 4).

Jean-Baptiste counters that the state law claims against SLK arise out of the same nucleus of operative facts as the federal claims brought against Business Law Group and LM Funding. (Id. at 3). The Court agrees. The collection activities targeted the same individual, the same debt, and the same condominium. "[I]t is clear from section 1367 itself that the parties to the federal and supplemental claims need not be identical in order for supplemental jurisdiction to lie." Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla., 177 F.3d 1212, 1224 (11th Cir. 1999); see also 28

U.S.C. § 1367(a)("Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."). Here, SLK's email communications to Jean-Baptiste that give rise to the FCCPA claims contain similar content and concern the same debt as the communications giving rise to the FDCPA claims. (Doc. # 1 at ¶¶ 19, 22, 23, 34). The Court accordingly finds that the FCCPA claims arise out of a common nucleus of operative facts as the federal claims. See Leblanc, 2007 WL 141173 at *4 (finding supplemental jurisdiction over FCCPA claims in a case alleging violations of the FCCPA and FDCPA against multiple defendants, where the letters were "substantially similar in both form and content" and "[e]ach letter attempts to collect the same debt from Plaintiff").

Alternatively, SLK argues that, should this Court find it may exercise supplemental jurisdiction, it should decline to do so. District courts may refuse to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "In the absence of any of these four factors, the court must exercise supplemental jurisdiction." Mears v. LVNV Funding, LLC, 541 B.R. 899, 905 (Bankr. M.D. Fla. 2015)(citing Palmer, 22 F.3d at 1569).

SLK contends this Court should not exercise supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(c)(3) because Jean-Baptiste's "FDCPA claims against [Business Law Group] and [LM Funding] are time-barred." (Doc. # 10 at 5). Alternatively, SLK maintains the FCCPA claims should be dismissed because "exceptional circumstances" exist that warrant declining jurisdiction. (Id. at 6).

As stated previously, the statute of limitations does not bar all of the FDCPA claims Jean-Baptiste brings against Business Law Group and LM Funding. Therefore, this Court may not rely on 28 U.S.C. § 1367(c)(3) to dismiss the state law claims.

Furthermore, exceptional circumstances do not exist in this instance that merit dismissing the FCCPA claims. In determining whether exceptional circumstances exist under 28 U.S.C. § 1367(c)(4), courts consider "judicial economy, convenience, fairness to the parties, and whether all claims

would be expected to be tried together." <u>Parker v. Scrap Metal</u>
<u>Processors, Inc.</u>, 468 F.3d 733, 745 (11th Cir. 2006).

SLK states this Court should not "exercise supplemental
jurisdiction over [Jean-Baptiste's] state law claims" because
"a trial date has not been set, and significant resources
have not yet been expended on this case." (Doc. # 10 at 6).
SLK relies on <u>Leblanc</u>, in which the court declined to exercise
supplemental jurisdiction over FCCPA claims that arose out of
the same nucleus of operative facts as FDCPA claims. 2007 WL
141173 at *5. However, <u>Leblanc</u> is easily distinguished from
the matter at hand because all of Leblanc's FDCPA claims were
found to be time-barred.  In contract, in this case, Jean-
Baptiste asserts parallel unfair collection claims that are
timely under both the FDCPA and FCCPA.  In addition, a
decision declining to exercise jurisdiction over the FCCPA
counts pertaining to SLK would result in a duplication of
judicial effort by requiring that the same issues be resolved
in both state and federal court. <u>See</u> <u>Disser v. City of Tampa</u>,
No. 8:13-cv-885-T-24-EAJ, 2013 WL 3975759, at *4 (M.D. Fla.
July 31, 2013)(exercising supplemental jurisdiction over
state law claims and finding "the claims asserted in this
case can reasonably be expected to be resolved at one time
and in one court.").

Accordingly, and for the reasons stated above, the Court denies SLK's Motion to Dismiss.

### c. **Business Law Group's Motion to Dismiss**

In addition to asserting statute of limitations arguments, which are addressed above, Business Law Group argues Jean-Baptiste's FDCPA claims should be dismissed for failure to state a cause of action under Rule 8(a). Business Law Group highlights the allegations Jean-Baptiste makes "on information and belief" and asserts that those allegations are "conclusory statements and legal conclusions unsupported by actual facts or law." (Doc. # 15 at 3). As such, the allegations based on "information and belief," (Doc. # 1 at ¶¶ 34, 44, 95, 126, 128, 138, 139), "are not entitled to a presumption of truth" and "fail to meet the Twombly standard." (Doc. # 15 at 2)(citing In re Superior Air Parts, Inc., 486 B.R. 728, 741 (Bankr. N.D. Tex. 2012)).

Twombly requires plaintiffs to plead "enough facts to state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570. However, utilizing the phrase "on information and belief" does not automatically preclude a plaintiff from meeting Twombly's standard. Rather:

> Allegations pled on "information and belief" should be reviewed in the same way as all factual allegations in a complaint — that is, the court

16

> should review them under Twombly's 12(b)(6)
> formulation requiring sufficient facts pled to make
> a claim plausible. The mere fact that allegations
> begin with the statement "on information and
> belief" will not automatically render them
> insufficient.

In re Superior Air Parts, 486 B.R. at 740 (internal citation

and quotation marks omitted).

The Court recognizes that it does not have to take as

true conclusory allegations made "on information and belief."

See Smith v. City of Sumiton, 578 Fed. Appx. 933, 936 at n.4

(11th Cir. 2014)("for purposes of a Rule 12(b)(6) motion to

dismiss, we do not have to take as true allegations based

merely 'upon information and belief.'"). However, Jean-

Baptiste's allegations are not due to be automatically

discredited or otherwise disregarded based solely upon Jean-

Baptiste use of the phrase "on information and belief."

Rather, under Twombly and its progeny, the Court separates

the conclusory allegations from the remaining well-pleaded

factual allegations and determines if the well-pleaded

allegations, when accepted as true, plausibly give rise to an

entitlement to relief. Franklin v. Curry, 738 F.3d 1246, 1251

(11th Cir. 2013).

Here, the Complaint contains detailed allegations

regarding specific debt collection efforts and attaches the

letters and emails to the Complaint as exhibits. The Complaint sets forth precise allegations that, when accepted as true under Rule 12(b)(6), Fed. R. Civ. P., give rise to relief under the relevant statutes. As Business Law Group offers no additional arguments that the allegations against it are insufficient under Rule 8, the Court finds the Complaint sufficient and denies Business Law Group's Motion to Dismiss.

### d. **LM Funding's Motion to Dismiss**

LM Funding seeks dismissal of the Complaint by arguing that Jean-Baptiste failed to satisfy the requirements of Rule 8(a), Fed. R. Civ. P.  Generally, LM Funding argues Jean-Baptiste "completely fail[s] to allege any specific conduct of LM [Funding], or establish liability of LM [Funding]." (Doc. # 20 at 2). Additionally, LM Funding asserts Count Six rests solely on "conclusory allegations made under information or belief" and accordingly lacks sufficient facts necessary to meet the Twombly standard. (Id.). (internal citations omitted). LM Funding also argues Jean-Baptiste has failed to allege a "discrete incident of violation of the FDCPA that arises within the statute of limitations" and as the claims under the FDCPA are the only federal claims brought against LMF, dismissal of the FDCPA claims would consequently

preclude "the remainder of the suit from continuing in federal court." (Id. at 3, 4).

### i. **Rule 8 is Satisfied**

LM Funding contends Jean-Baptiste fails to state a cause of action "with the particularity required under federal law." (Doc. # 20 at 6). As an initial matter, the Court notes that Jean-Baptiste's pleadings are judged under Rule 8's notice pleading standards, and not Rule 9's particularity standards because fraud has not been alleged.

The Court will evaluate the questioned counts under Rule 8. "To satisfy the pleading requirements of Fed. R. Civ. P. 8(a), a complaint must give the defendant fair notice of the plaintiff's claims and the grounds upon which they rest." 316, Inc. v. Md. Cas. Co., 625 F. Supp. 2d 1179, 1181 (N.D. Fla. 2008). "The court must determine only whether the claimant is entitled to offer evidence to support the claims, not whether the plaintiff can ultimately prove the facts alleged." Id. (internal citations omitted).

This Court finds Jean-Baptiste has met her burden under Rule 8(a). She makes numerous factual averments that LM Funding violated the FCCPA and FDCPA throughout the Complaint. (Doc. # 1 at ¶¶ 6, 25-29, 74, 91, 122, 126-129, 131, 137-139). After due consideration, the Court finds Jean-

Baptiste has satisfied Rule 8(a) with respect to Counts One through Five, Seven, and Eight.

### ii. **Count VI**

With respect to the FDCPA violation alleged against it in Count Six, LM Funding contends "[t]here are no factual allegations to support any claims against LMF in Count Six, and no basis for liability upon the allegations set forth." (Doc. # 20 at 2). Count Six alleges LM Funding violated 28 U.S.C. § 1692e(11), which prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt." Specifically, the provision bans: "The failure to disclose in the initial communication with the consumer . . . that the communication is from a debt collector." 28 U.S.C. § 1692e(11).

Jean-Baptiste argues LM Funding breached the statute by "fail[ing] to disclose that it is, at least in part, a creditor to the debt, is a decision maker regarding settlement and resolution of the Debt, and is partially owned and/or operated by the same principles as [Business Law Group]." (Doc. # 1 at ¶ 127). Jean-Baptiste also alleges that LM Funding violated "15 U.S.C. § 1692e(11) by indirectly and covertly communicating with [Jean-Baptiste] in an attempt to

collect the Debt without disclosing that it is a debt collector, that it was attempting to collect the Debt, and that any information would be used for that purpose." (Doc. # 1 at ¶ 126).  Accepting the factual allegations of the Complaint as true, Jean-Baptiste has alleged a violation of 28 U.S.C. § 1692e(11) as to LM Funding.  Accordingly, LM Funding's Motion to Dismiss is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)  SLK's Motion to Dismiss (Doc. # 10) is **DENIED.**

(2)  The Motions to Dismiss filed by Business Law Group (Doc. # 15) and LM Funding (Doc. # 20) are **GRANTED IN PART** only to the extent that Count V is dismissed as time-barred. The Motions to Dismiss (Doc. ## 15, 20) are otherwise **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>4th</u> day of August, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE