```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

SANTIANA JEAN-BAPTISTE,

    Plaintiff,
v.                              Case No. 8:16-cv-2027-T-33AEP

BUSINESS LAW GROUP, P.A., ET AL.,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court pursuant to Plaintiff Santiana Jean-Baptiste's Motion for Reconsideration of the Court's Order on Defendants' Motions to Dismiss (Doc. # 33), which was filed on August 17, 2016. On August 31, 2016, LM Funding, LLC filed a Response in Opposition to the Motion. (Doc. # 34). The Court grants the Motion as follows.

**Discussion**

    On April 18, 2016, Jean-Baptiste filed a nine-count Complaint in the Jacksonville Division of the Middle District of Florida, alleging that LM Funding, LLC, Business Law Group, P.A., and Shumaker, Loop & Kendrick, LLP violated the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 ("FCCPA") and further alleging that LM Funding and Business Law Group violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). (Doc. # 1). The Defendants filed various Motions seeking dismissal of the Complaint. (Doc. ##

10, 15, 20). Thereafter, on July 12, 2016, the parties filed a Joint Motion seeking transfer of the case to the Tampa Division of the Middle District of Florida (Doc. # 26), which was granted on July 14, 2016. (Doc. # 27).

Upon the transfer of the case to the Undersigned, the Court entered its Fast Track Scheduling Order on July 18, 2016. (Doc. # 30). Pursuant to that Order, the parties are required to serve documents regarding debt collection activities by September 16, 2016, Plaintiff is required to file Answers to the Court's Interrogatories by October 3, 2016, and Defendants are required to file Answers to the Court's Interrogatories by October 17, 2016. (Id.). In addition, the parties are scheduled to mediate with Peter Grilli, Esq. on October 6, 2016. (Doc. # 31). If the case is not sooner settled, the Court will conduct a Case Management Hearing on November 17, 2016. (Doc. # 30).

On August 4, 2016, the Court entered an Order denying the Motions to Dismiss with the exception of Count Five. (Doc. # 32). Noting the applicable statute of limitations for violations of the FDCPA, the Court determined that Count Five was subject to dismissal as time-barred. (Doc. # 32 at 7). The Court explained: "Jean-Baptiste relies solely on provisions in the first and second Business Law Group letters,

2

sent December 22, 2014. As these letters were sent outside the statute of limitations period, the FDCPA claims arising from these letters are time-barred. Therefore, Count Five against Business Law Group and LM Funding is dismissed." (Id. at 7-8)(internal citation omitted).

Jean-Baptiste seeks an Order of reconsideration pursuant to Rule 60(a), Fed. R. Civ. P., for "corrections based on clerical mistakes; oversights and omissions." Jean-Baptiste indicates, "should the Court determine the ruling was the result of unclear drafting on the part of [Jean-Baptiste's] counsel, she respectfully requests the opportunity to amend as to Count [Five]." (Doc. # 33 at 3).

At this early stage of the proceedings, prior to both the mediation conference and Case Management Hearing, the Court determines that it is appropriate to grant the Motion to the extent that the Motion seeks the opportunity to amend the Complaint with respect to Count Five. The case is in its infancy, discovery has not yet taken place, and the Complaint describes a complex factual situation regarding multiple communications and business relationships between the parties. As originally drafted, the Court determined that the claim stated in Count Five was time barred. However, based on Jean-Baptiste's counsel's representation that the claim is not time

3

barred and that the Complaint was unclear as to temporal allegations bearing on the statute of limitations, the Court will allow Jean-Baptiste the opportunity to amend the Complaint as to Count Five.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

So that the case may move forward as expeditiously as possible, the Court directs Jean-Baptiste to file the Amended Complaint on or before **September 12, 2016.**

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Plaintiff Santiana Jean-Baptiste's Motion for Reconsideration of the Court's Order on Defendants' Motions to Dismiss (Doc. # 33) is **GRANTED.**

(2) Jean-Baptiste is authorized to file an Amended Complaint, clarifying Count Five, on or before **September 12, 2016.**

4

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u> day of September, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE